```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THEODORE BROWN, III, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-1965 (JBS-JS) |
| WESTHAMPTON CITY, | |
| Defendant. | **OPINION** |

APPEARANCES:

Theodore Brown, III, Plaintiff Pro Se
984120
Northern State Prison
PO Box 2300
Newark, NJ 07114

**SIMANDLE, Chief District Judge:**

1. Plaintiff Theodore Brown, III seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Westhampton City. Complaint, Docket Entry 1.

2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a prisoner is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner

proceeding *in forma pauperis* and is seeking redress from a governmental entity.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff seeks relief from Westhampton City for "giveing [sic] out false information." Complaint at 4. The complaint reads in its entirety: "falsely imprisoned. Gave false statement concerning receiving stolen property. Looking to get three million dollars. Place Malpe [sic] Shade. Place

Westhamton. Want to get paid money for not speak the truth." *Id.* at 5-6.

6. The Court infers Plaintiff is attempting to raise a claim of false imprisonment based on a false receiving stolen property charge as well as a state law claim of defamation. However, there are insufficient facts in the complaint for the Court to conclude Plaintiff has presented a plausible claim.

7. In order to make a false imprisonment claim, Plaintiff must plead facts indicating he was (1) arrested or detained against his will (2) without proper legal authority or justification. *See Rivera v. Zweigle*, No. 13-3024, 2016 WL 5109514, at *6 (D.N.J. Sept. 19, 2016) ("There does not appear to be any meaningful distinction between a common law and a § 1983 claim for false imprisonment."). Similarly, "[t]o state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).

8. Beyond a cursory statement that a false statement was made, nothing in the complaint supports an inference that the arrest was made without probable cause or that Plaintiff was defamed. Under New Jersey law, the elements of the cause of action for defamation are: "(1) that defendants made a false and defamatory statement concerning [plaintiff]; (2) that the

statement was communicated to another person (and not privileged); and (3) that defendants acted negligently or with actual malice." *G.D. v. Kenny*, 15 A.3d 300, 310 (N.J. 2011). Plaintiff's complaint fails to sufficiently plead a claim of defamation as he does not identify the specific allegedly defamatory statements, to whom they were published, or facts suggesting the publication was negligent or malicious. *See Zoneraich v. Overlook Hosp.*, 514 A.2d 53, 63 (N.J. Super. Ct. App. Div.)("In the case of a complaint charging defamation, plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication. A vague conclusory allegation is not enough."), *certif. denied*, 501 A.2d 945 (N.J. 1986); *see also F.D.I.C. v. Bathgate*, 27 F.3d 850, 875 (3d Cir. 1994) (citing *Zoneraich*). In the absence of supporting facts for Plaintiff's allegations, the complaint cannot proceed at this time.

9.   Moreover, Plaintiff has not pled sufficient facts supporting the City's liability for the arrest or false statement. A city cannot be held liable under § 1983 solely based on the fact that it employed the person who presumably effectuated the arrest. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

4

said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.[1] In other words, Plaintiff must set forth facts supporting an inference that the City was the "moving force" behind the alleged constitutional violation. *Id.* at 689.

10.  As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court by providing additional facts and naming the persons who made the allegedly false statements and conducted the false arrest, the Court shall grant Plaintiff leave to move to amend the complaint within 30 days of the date of this order.

11.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the

---

[1] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

    12. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim.

    13. An appropriate order follows.


**October 24, 2016**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                     Chief U.S. District Judge